IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Diontre Jarva Brown, #102176, | C/A No.: 3:20-395-MGL-SVH |
| Plaintiff, | |
| vs. | |
| Letitia I. Culick, City of Sumter Police Department, and Sumter County Sheriff's Office Detention Center, | ORDER AND NOTICE |
| Defendants. | |

Diontre Jarva Brown ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Letitia I. Culick ("Culick"),[1] City of Sumter Police Department ("Police Department"), and Sumter County Sheriff's Office Detention Center ("Detention Center") (collectively "Defendants"), alleging violations of his civil and other constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

---

[1] Plaintiff indicates Culick is employed by Police Department. [ECF No. 1 at 2].

I.  Factual and Procedural Background

Plaintiff is a pre-trial detainee at Sumter-Lee Regional Detention Center. [ECF No. 1 at 2, 4]. He alleges Defendants violated his rights under the Fourth Amendment, 18 U.S.C. § 242, 25 C.F.R. § 11.403, and 25 C.F.R. § 11.404. *Id.* at 4.

Plaintiff's allegations pertain to warrants for his arrest, his subsequent arrest, and his continued detention. *Id.* at 4, 14. He alleges Culick appeared before Sumter County Magistrate Judge Brian Keith Griffin and swore out warrants that misidentified him. *Id.* at 4, 14. He claims Police Department unlawfully arrested him and Detention Center is falsely imprisoning him based on the improper warrants. *Id.* at 14.

Plaintiff requests $3.5 million in damages for mental anguish and claims he suffers from extreme anxiety, depression, and post-traumatic stress disorder because of Culick's allegations against him. *Id.* at 6, 14. He alleges he has been denied bond and attacked by officers and inmates in the Detention Center. *Id.* at 6. He requests the court dismiss the charges. *Id.* at 14.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Police Department and Detention Center Not "Persons" Amenable to Suit Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

Police Department and Detention Center do not qualify as "persons" subject to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal as to Police Department and Detention Center.

> 2. Insufficient Factual Allegations to Support Finding that Culick Swore Out Invalid Warrant

Plaintiff argues the warrants for his arrest were issued in violation of the Fourth Amendment because Culick allegedly provided false information and misidentified him. [ECF No. 1 at 4, 14]. He appears to allege Culick misidentified him because his Social Security number is incorrect on the warrants and in Detention Center's system. *See* ECF No. 1 at 8 (Plaintiff's representation that he claimed in his grievance that "my Social Security number was wrong on my warrants (on the Kiosk Machine)" and "[a]lso informed the officers that it was wrong in their system.").

"The Fourth Amendment states unambiguously that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and *the persons or things to be seized.*'" *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (emphasis in original) (citing U.S. Const. amend. IV). "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996).

To prove his seizure was unreasonable because it followed from a

5

deficient warrant, Plaintiff must prove Culick "deliberately or with a 'reckless disregard for the truth' made material false statements in [her] affidavit," *Franks v. Delaware*, 438 U.S. 154, 171 (1978), "or omitted from that affidavit 'material facts with the intent to make, or with reckless disregard of whether [she] thereby made, the affidavit misleading.'" *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007) (citing *United States v. Coakley*, 899 F.2d 297, 300 (4th Cir. 1990). "[I]n order to violate the Constitution, the false statements or omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Id.* at 628 (citing *Franks*, 438 U.S. at 155–56).

Although Plaintiff appears to allege Culick swore out warrants that contained a Social Security number that was not his, he does not allege facts sufficient to support a conclusion that Culick made material false statements in her affidavit. *See Williams v. Russo*, C/A No. 8:13-2137-JMC, 2013 WL 5570058, at *4 (D.S.C. Oct. 8, 2013) (finding bench warrant facially valid even if there were a discrepancy as to the case number) (citing *Harrison v. Sumter Cnty. Sheriff's Dep't*, No. 2:07-3555-PMG-GCK, 2008 WL 553181, at *3 (D.S.C. Feb. 25, 2008) (determining arrest warrants were facially valid even though they listed dates in 1998 and 1999 and plaintiff was arrested in 2005)). Because Plaintiff has not alleged facts that support a finding that the incorrect Social Security number resulted in issuance of the warrant without probable cause,

6

his allegations against Culick are subject to summary dismissal.

        3.      Allegations Do No Support Claims for False Arrest and Imprisonment

Plaintiff alleges Police Department unlawfully arrested him based on the improper warrants and Detention Center is falsely imprisoning him. *Id.* at 14. "A plaintiff's allegations that police seized him 'pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment.'" *Miller*, 475 F.3d at 627 (citing *Brooks*, 85 F.3d at 183–84). As Plaintiff acknowledges he was arrested for and is currently incarcerated on the charges for which the warrants were issued, he is unable to state claims for false arrest and imprisonment. Accordingly, Plaintiff's claims for false arrest and imprisonment are subject to summary dismissal.

        4.      Release Not An Available Remedy

Plaintiff requests the court order the dismissal of the charges against him. [ECF No. 1 at 14]. Release from prison is not an available remedy in an action brought pursuant to § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1991); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding claims

7

seeking immediate or speedier release are not cognizable under § 1983 and must be brought in a habeas corpus proceeding); *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (finding challenge to classification affecting parole eligibility governed by 28 U.S.C. § 2254).

Even if the undersigned were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, the court would be compelled to avoid interference in the state criminal prosecution. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). "[C]ourts of equity . . . should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43–44. Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.

"In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Com'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Applying the factors to this case shows abstention to be appropriate. First, Plaintiff admits in his complaint that the state criminal proceedings are ongoing. *See id.* at 4 (identifying himself as a pretrial detainee), 14 (stating "I've Been Incarcerated, As of Date of This filing, A Total of 21 Months which Still continues."). The court cannot find Defendants acted improperly with respect to the arrest and detention without interfering in the state criminal proceedings. Second, the Supreme Court has noted "the States' interests in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Petitioner may argue in state court proceedings that the warrants and his arrest are not supported by probable cause. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims.

> 5. No Private Causes of Action Under 18 U.S.C. § 242, 25 C.F.R. § 11.403, and 25 C.F.R. § 11.404.

Plaintiff alleges Defendants violated his rights under 18 U.S.C. § 242, 25 C.F.R. § 11.403, and 25 C.F.R. § 11.404.

Pursuant to 18 U.S.C.A. § 242:

Whoever, under color of any law, statute, ordinance, regulation, or

custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and, if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Under the provisions of 25 C.F.R. § 11.403, "[a] person commits a misdemeanor if he or she knowingly: (a) [r]estrains another unlawfully in circumstances exposing him or her to risk of serious bodily injury; or (b) [h]old another in a condition of involuntary servitude." According to 25 C.F.R. § 11.404 "[a] person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with her or her liberty."

These are criminal statutes and regulations that confer no private rights of action. *See Casey v. Orman*, C/A/ No. 5:08-1373, 2009 WL 2971770, at *5 (S.D.W. Va. Sept. 10, 2009) (holding 18 U.S.C. § 242 does not provide for a private cause of action and collecting cases); *Ogletree v. Vigil*, C/A No. 17-3724, 2018 WL 582391, at *2 (E.D. La. Jan. 29, 2018) (finding 25 C.F.R. § 11.404 establishes a misdemeanor criminal offense in the context of "Indian affairs"

and does not provide a civil remedy).³

To the extent Plaintiff requests the court order Defendants be prosecuted, the court is unable to provide the relief Plaintiff requests. "[T]he executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *U.S. v. Nixon*, 418 U.S. 683, 692 (1974). The constitutional doctrine of separation of powers prevents the judicial branch from bringing or ordering that charges be brought against individuals or entities. *See Clinton v. Jones*, 520 U.S. 681, 682 (1997) (providing "[t]he doctrine provides a self-executing safeguard against the encroachment or aggrandizement of one of the three coequal branches of government at the expense of another").

Accordingly, Plaintiff has no valid claim on which he could prevail under 18 U.S.C. § 242, 25 C.F.R. § 11.403, and 25 C.F.R. § 11.404, and those allegations are subject to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 25, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*,

---

³ Similarly, 25 C.F.R. § 11.404 pertains to Indian affairs and establishes misdemeanor criminal offenses.

11

238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

February 4, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge